## FURMAN v. APPLEGATE.

1. A peremptory challenge to a plea cannot be withdrawn after the juror has been set aside, and the next juror called.

2. In an action of seduction, it is no ground for nonsuit, that by the plaintiff's evidence, the offence of the defendant is rape, and not seduction : whether it is so, or not, is a question for the jury upon the evidence.

3. An action on the case always lies by a master for the seduction of his servant, even when by the proof trespass *vi et armis* could in the particular case have been sustained.

4. It is no error that two of four judges of the Court of Common Pleas, present at the commencement of a trial, withdraw from court before the conclusion and before the charge.

5. The not granting of a new trial cannot be made a ground of reversal upon a writ of error.

Stephen Applegate, of the county of Middlesex, brought an action of trespass on the case in the Inferior Court of Common Pleas of that county, in the term of December, 1848, against Noah Furman, for debauching and carnally knowing (to wit, on the 24th of February, 1848,) Catharine Applegate, the daughter, and then the servant of the said Stephen Applegate, and getting her with child, &c. : *per quod* he was deprived of her services, and was likewise obliged to expend moneys in and about the nursing and taking care of her, at and connected with her delivery of the child.

The general issue was pleaded. A trial was had at New Brunswick, in September, 1849, and a verdict was rendered in favor of the plaintiff, with an assessment of four hundred dollars damages; upon which verdict a judgment has been entered.

That judgment was removed into this court by writ of error, and an argument upon the errors assigned was made at the present term, before RANDOLPH and OGDEN, Justices.

*A. V. Schenck* and *Vandyke*, for plaintiff; and *R. Adrain*, for defendant.

OGDEN, J. The grounds upon which the counsel for the plaintiff in error have relied for a reversal of the judgment below, will be disposed of in the order in which they appear upon the assignments.

1st. A sufficient number of jurors to try the issue, not appearing on the original panel, a tales, &c., was awarded by the court. One Ralph Stout, being called as a talesman was peremptorily challenged by the defendant's counsel. One Jeremiah Dally was then called, and also was challenged. The defendant thereupon withdrew the challenge to Stout, and insisted that he must be sworn, unless challenged by the plaintiff below.

The court refused to permit him to be sworn. The defendant below, by his counsel, excepted to such ruling of the court, and a bill was accordingly sealed.

The court were undoubtedly right in their view of the law.

A peremptory challenge in civil cases is a high privilege, and one which should be exercised in strict accordance with the technical meaning of the term. "The adjective *peremptorius*, (from *perimere*, to cut off,) joined with a substantive, as action or exception, signifies a final and determinate act, without hope of renewing or altering." *Jacob's Law Dictionary.*

The defendant availed himself of his statutory right, and peremptorily challenged Mr. Stout. By that act the juror was set aside. His action touching the trial of the issue was cut off by the determinate act of the party, which was beyond the power of reconsideration.

He remained challenged until another juror was disposed of, and it was then attempted to restore him upon the panel. If such a practice should prevail, it is evident that it would be fraught with much mischief.

There is nothing in that alleged error.

The next ground taken for a reversal of the judgment was, that after the plaintiff had rested his cause, the court refused favorably to entertain a motion for a nonsuit, made by the defendant below. Two points were taken in support of that motion.

1st. That the evidence, upon the part of the plaintiff below, made out a case of rape, and not one of seduction; and that therefore, by law, the remedy for the civil injury was abated until public justice should be satisfied by an indictment and trial of Furman for the public offence.

This case, as presented to the court, does not in my opinion require discussion or settlement of the rule of law, as contended for by the counsel, or of its applicability to the plaintiff below. Several decisions were referred to upon the argument, as supporting the doctrine of the plaintiff in error; but without feeling now called upon to declare any opinion upon the questions, I cannot forbear saying, that the case of *Vanhorn* against *Freeman*, 4 *Halst.* 322, presented much stronger proof of violence than was shown in this action.

Therein it was proved that Freeman made a forcible attempt upon the virtue of the plaintiff's daughter; that a struggle ensued, in which she received severe injuries; that she was much bruised, and became so faint and exhausted that she with difficulty could get up stairs. That subsequently she was so ill, in consequence of the occurrence, that medical assistance was required.

That cause was strenuously contested by the able counsel for the defendant; but the defence set up here did not occur to them. The verdict therein rendered in favor of the plaintiff was sustained by the court in bank.

The nature and characteristics of the injury in the present case were *facts* to be settled by the jury, from their view of the evidence. The court could not legally have withdrawn

those points from them. A motion for a nonsuit should not have prevailed upon that ground.

If the court, upon the closing of the whole testimony, had been requested to charge the jury, that if they believed, from the proofs, that the connection which produced the issue was effected forcibly and against the will of the female, they should specially find that fact in their verdict, so that the law upon the subject might be applied by the court, and the judges had refused to give such direction to the jury, their alleged error might have been fairly presented to this court; but as no charge was required from them, and none was given by them upon the point now raised, I do not perceive how this court can interfere with the judgment, on the ground that the court below refused to pass upon the evidence, and to direct a nonsuit.

Moreover, no injustice was done by the ruling, inasmuch as it appears, in the state of the case, that from testimony produced subsequently by the defendant below, he admitted that he had effected criminal intercourse with the plaintiff's daughter; not pretending, however, that it was accomplished by force, but seeking to protect himself from liability to the parent, by alleging that he supposed her to have been too young to conceive. It should not lie in his mouth *now to say* that the female has testified to a felony, and hence he must go quit of the damages sustained by her father.

The second point taken in support of the nonsuit was, that the evidence established a trespass *vi et armis* by the defendant below, and, therefore, that this action should have been *in trespass*.

The gist of a suit by a parent or master for the abuse of his daughter and servant, is the consequential damage sustained by the loss of service; and hence any trespass accompanying the act which occasions the loss of service may be waived, and "*trespass on the case*" may be maintained.

This question is now too well settled to admit of serious argument.

No assault is alleged in the declaration, and no trespass ap-

pears upon the record.    The case before referred to, in 4 *Halst.* 322, is full authority, also, upon this point.

The court rightly refused a nonsuit upon this second position.

The next exception taken is, that after the evidence had been closed, and the counsel had commenced addressing the jury, with four judges upon the bench, a court of Oyer and Terminer and General Jail Delivery was opened in the same room, which employed two of the four judges of the Common Pleas; and that the other two withdrew, with the jurors and counsel and parties, to another room in the same building, and there continued and closed the cause.

It appears, by the bill of exceptions, that the two judges, before whom the case was continued and finished, were the only two who had sealed the former bills.

No motion was made before the court in this cause after the organization of the Oyer and Terminer, nor was the court require to charge the jury upon any question of law.    The only practical difficulty of which the defendant below could complain was, that *all* the four judges did not remain upon the bench, and listen to the arguments of his counsel.

If a voluntary withdrawal from the bench by a judge of the Court of Common Pleas, or of the Oyer and Terminer, during the progress of a protracted trial, could successfully be urged for staying the progress of the cause, or for disturbing a judgment on writ of error, I fear that very many judgments (even in criminal cases) are open to reversals.

A constitutional court was in session during the whole progress of the trial; and it cannot be mantained upon principle or by authority that, if some judges fail to remain in court until a cause is finished, the judgment must be defective, and should be reversed.

This objection against the judgment was not well taken.

The next and last error assigned is, that the Court of Common Pleas refused to award a new trial on the alleged ground, that the verdict of the jury was contrary to the evidence and contrary to law, and was in divers other respects erroneous and unlawful ; and because the damages awarded by the jury were excessive, and wholly unwarranted by the evidence.

This pretended error is most certainly unsupported.

An application for setting aside a verdict, and awarding a new trial, is always addressed to the judicial discretion of a court, and error cannot be urged against such exercise of that discretion. It is true that the judges have sealed a bill prepared upon that exception; but it not being a proper matter for a bill, it cannot be examined into by this court on writ of error.

I am of opinion that there was no error in the record and proceedings of the Court of Common Pleas remediable in this court, and that their judgment should be affirmed, with costs.

Justice RANDOLPH concurred.

Judgment affirmed.

CITED *in Bruch* v. *Carter*, 3 *Vr.* 559.