THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR, v. PATRICK NEVELLE, DEFENDANT IN ERROR.

When a motion for a new trial is certified by the Circuit Court to the Supreme Court for its advisory opinion, errors in such advisory opinion cannot be assigned on error in the Court of Errors.

---

On motion to strike out the assignments of error.

For the motion, *T. N. McCarter.*

*Contra, J. D. Bedle.*

BEASLEY, CHIEF JUSTICE.  This was a case tried before a jury in the Hudson Circuit Court, and a verdict having gone for the plaintiff, a rule to show cause why a new trial should not be granted was allowed, and was thereupon certified to the Supreme Court for its advisory opinion.  The result of this procedure was, that the inferior court was advised to dismiss the rule, with costs.

From the judgment thus resulting, this writ of error has been brought.

The motion now to be disposed of, is to strike out all the assignments of error except the merely formal ones that apply to the record in its strict sense.

The specifications of error thus sought to be eliminated belong to the same class, as, for example, that the court erred in not making the rule to show cause absolute; that it appeared, as a matter of law, from the case certified to the Supreme Court, that the railroad company was not guilty of negligence, and that the plaintiff was guilty of contributory negligence, &c.

It does not appear that there were any bills of exceptions taken at the trial, nor any case reserved.

Therefore, it is obvious, from this statement of the attitude of the proceedings, that if the Circuit Court had itself proceeded to hear and pass upon the motion for a new trial, a writ of error would not have lain to such judicial action, or to any part of it.

But it was insisted, on the argument, that such writ to review the procedure is legitimate, by force of the statute that authorizes the Circuit Court to apply, in cases of doubt or difficulty, to the higher court for its advice.

The law referred to has not, we think, so broad a scope as is thus ascribed to it.  The provision is contained in the two hundred and forty-ninth section of the Practice act (*Rev., p.*

887), which declares, in general terms, that in these cases, the "certified opinion shall be returned with the writ of error as part of the record, and errors may be assigned thereon." We see in these expressions no appearance of a legislative intent to enlarge the class of subjects, which, according to legal rules, are reviewable on writs of error. What it did was this: it extended the efficacy of such writs, not to new matters, but to new instruments, viz., certified opinions of the court. The expression to assign error, in the connection in which it is used, can have no other meaning than to authorize the specification of such judicial mistakes as are in their nature cognizable by a court of review. It would seem to be quite unreasonable to impart into such terms the signification of a legislative purpose of putting under the supervision of the higher court a large class of matters that, from the remotest periods of the common law, had been exempted from such control. The question, and everything, either of law or of fact, embraced in the question whether a new trial shall be granted, has ever been deemed a subject addressing itself to the discretion of the court, and on that account the judicial action in that sphere has never been subjected to the least superintendency, and it was this discretionary function that in this case the Supreme Court, taking the place of the Circuit Court, has performed; and we can perceive no ground for believing that, in the establishment of this procedure, a design is manifested to make the action of the Supreme Court in the premises reviewable, where, if such action had been taken by the inferior court, it would have been admittedly final. Such an adjustment would have consisted neither with common sense nor with the other parts of our judicial system.

This view is also strengthened by the chronological relation of the various clauses of the statute belonging to the subject. The first of these provisions, being that which conferred upon the Circuit judge the power to certify matters of doubt or difficulty to the Supreme Court, was enacted in the year 1837; and it is obvious that such provision, standing by itself, would create embarrassment in practice, when the question

certified was in its nature a proper subject of a writ of error. For example, suppose the Circuit judge reserved a question as to the admissibility of certain testimony introduced at the trial for the purpose of certifying it to the Supreme Court for its advisory opinion : in such case, after decision by the latter tribunal, how was the losing party to bring in question such decision by way of review? The certified opinion of the Supreme Court would have been no part of the record, and it looks as though it would have been impracticable to assign errors upon it; and, to supply this deficiency, in the year 1855, the act now in question was passed, its effect being, as already stated, to enable errors to be assigned on the advisory opinion in cases where the matter so assigned would have been a subject cognizable if decided by the Circuit judge, on error, but not otherwise.

The present motion must prevail.

DIXON, J.   This cause was instituted in the Hudson Circuit Court, where a verdict was obtained by the plaintiff. Thereupon the Circuit Court allowed the defendant a rule to show cause why the verdict should not be set aside and a new trial granted, and the Circuit judge certified that rule and the case prepared under it to the Supreme Court for its opinion, whether the rule should be discharged or made absolute. The Supreme Court certified to the Circuit that the rule should be discharged, and accordingly the Circuit discharged the rule and rendered judgment on the verdict. The defendant issued a writ of error from this court to the Circuit, and has assigned errors on the opinion of the Supreme Court. The plaintiff below moves to strike out these assignments.

First, the general question is raised, whether, in any case, errors can be assigned upon the opinion of the Supreme Court, advising the Circuit to refuse a new trial.

Clearly enough, if the Circuit should for itself decide to refuse a new trial, no errors could be assigned on the decision; for, no matter whether questions of law were involved or not, the writ of error would bring up nothing by which the ques-

tions would be disclosed. Neither the decision nor the state of the case on which it was rendered would form part of the record, and at common law the record only was reviewable on error.

But the matter now in hand is, I think, governed by section 249 of the Practice act (*Rev., p.* 887), which enacts that " where judgment shall be rendered by any Circuit Court, in conformity to the certified opinion of the Supreme Court, upon a case certified, and a writ of error shall be brought to reverse such judgment, such certified opinion shall be returned with the writ of error, as part of the record, and errors may be assigned thereon; and if error be found therein, the judgment may be reversed therefor."

This statute was originally passed as section 86 of "An act to simplify the pleadings and practice in courts of law," approved March 17th, 1855 (*Nix. Dig., p.* 745), and was evidently designed to apply to the cases arising under section 6 of "An act to facilitate the administration of justice," passed February 14th, 1838 (*Elm. Dig., p.* 543). The earlier statute first gave to the Circuit Courts original jurisdiction in common law actions, and jurisdiction by *certiorari* over suits originating in the courts for the trial of small causes; and section 6 enacted " that the judge or judges holding any such Circuit Court shall and may, at his or their discretion, and upon such terms as he or they may think reasonable, direct any case of doubt or difficulty to be made and stated, and certified by him or them, to be argued at the bar of the Supreme Court, which court shall hear the same, and after opinion given therein shall certify the same to the said Circuit Court, which court shall render judgment therein in conformity to such opinion." The fact that section 86 of the act of 1855 was intended to meet the cases under section 6 of the act of 1838, becomes perfectly manifest, on noting how exactly the forms of expression adopted in the later act coincide with those employed in the earlier one. It so appeared to the revisers of 1874, who placed these two sections, and a kindred rule of the Supreme Court (*Nix. Dig., p.* 1081, § 36), in juxtaposition, as sections

247, 248 and 249 of the Practice act, under the title "Case Certified."

If, then, a rule to show cause why a new trial should not be granted, certified by the Circuit to the Supreme Court for its opinion, constitutes a case under the act of 1838, the conclusion follows that, on a writ of error, brought to review a judgment rendered by the Circuit Court in conformity with the opinion of the Supreme Court on such case, that opinion is to be treated as part of the record, and errors may be assigned upon it, under the statute of 1855.

That such a rule to show cause is a case under the act of 1838 seems indisputable. It was so expressly declared by the Supreme Court in the very earliest cases after the passage of that act. Thus, in November Term, 1840, *Whitaker* v. *Turnbull*, 3 *Harr*. 172, was a case certified by the Essex Circuit to the Supreme Court for its opinion whether a rule to show cause why the verdict should not be set aside ought to be made absolute, or whether it ought to be discharged and final judgment be entered for the plaintiff; and this was called a case certified pursuant to the sixth section above quoted. The same thing is true in regard to *Cumberland Bank* v. *Hann*, *Id*. 222, at the May Term, 1841, and *Woodhull* v. *Longstreet*, *Id*. 405, at the February Term, 1842. From that time to the present, the practice of certifying such rules to the Supreme Court has continued, and they have been constantly treated as, if not expressly declared to be, cases certified under this statute.

It has been suggested that perhaps these rules have been sent to the Supreme Court under section 296 of the Practice act. *Rev.*, *p.* 894. But this cannot be, for that statutory provision came into being in the Revision of 1874, and was, I presume, the outgrowth of rules of the Supreme Court adopted December 1st, 1866, having a similar aim. They relate to incidental matters arising in the progress of a cause, and not involving the merits on which the final judgment shall turn. The practice of certifying rules to show cause prevailed long before they were framed.

But it is said that the statute of 1855 should be confined to cases stated or reserved at the Circuit. The only reason for this notion seems to be the supposition that the decision of the Circuit Court itself on such cases would be reviewable on error at common law, and hence the opinion of the Supreme Court upon them, carried out in the Circuit, ought to be so reviewable. But the supposition is unfounded. Error could not be assigned upon a case stated or reserved, as such; it must have been turned into a special verdict, or, when the parties have leave to turn it into a special verdict, it may be treated as such. Only in this manner could the decision be reviewed. *Lutkins* v. *Zabriskie*, 1 *Zab.* 337; *Pray* v. *Jersey City*, 4 *Vroom* 506. But under this statute, I have no doubt that error can be assigned upon the opinion of the Supreme Court, rendered on such cases stated or reserved and certified by the Circuit, without their being turned into special verdicts, and without the parties having leave to so turn them, for such cases are within the plain language of the act. So, I think, is every other case substantially involving the final judgment of the cause.

But, secondly, although errors may, in some cases, be assigned upon the opinion of the Supreme Court, advising the Circuit how to dispose of a rule to show cause why a verdict should not be set aside, it does not follow that errors can be assigned upon every such opinion. The legislature, while enacting this statute, evidently had in view the common law rule that a writ of error could not be brought before final judgment; and if, therefore, conformity to the opinion of the Supreme Court does not result in final judgment at the Circuit, error will not lie. Moreover, by speaking of the assignment of errors, the legislature plainly intended to confine the grounds of complaint to points of law. Consequently, questions relating to the mere preponderance of evidence, or the amount of damages, however proper they may be for consideration in the Supreme Court in determining whether a new trial should be allowed, are not subject to review upon the writ issued under this statute. In order to warrant a

reversal of the judgment rendered in conformity with the opinion of the Supreme Court, the plaintiff in error must show that the opinion was in conflict with some rule of law. All assignments which do not present questions of this character should be stricken out.

Another matter is suggested by the language of this act. It directs only the return to the Circuit of the opinion of the Supreme Court, the return of that opinion with the writ of error and assignment of error on that opinion, and makes no provision for getting before the court of review the state of the case which the Circuit sends to the Supreme Court. Consequently, if the mere language of the act be observed, no review is practicable unless the opinion itself discloses the matters adjudged. In the present case the opinion makes no such disclosure; it merely advises a discharge of the rule. But, I think, so to adhere to the words would defeat the obvious intent of the law, which was, it seems to me, to afford a substantially valuable right of review, when, under the circumstances mentioned, a final judgment had been rendered in violation of law. To effectuate this intent the court should hold that the state of the case, upon which the opinion of the Supreme Court was delivered, forms a part of that opinion, and should accompany it from the Supreme Court to the Circuit and from the Circuit to the court of review, and that, if it is not so annexed to the record, the proper process should go to bring it before the court last named.

My opinion, therefore, is, that such of these assignments as present questions of fact should be struck out, but that such as present questions of law, involving the legality of the judgment upon the case certified, should stand.

*For the motion to strike out*—THE CHIEF JUSTICE, DIXON, GARRISON, KNAPP, MAGIE, REED, VAN SYCKEL, BROWN, CLEMENT, COLE. 10.