Main *v.* Main.

## THOMAS MAIN

*v.*

## SARAH ANN MAIN.

1. In an action for divorce by the husband it appeared that on an *ex parte* hearing a decree for petitioner was entered; that, on application of defendant, who was served by publication, the decree was opened, and the case set for hearing four months thereafter; that on such application the material evidence of petitioner's witnesses was specifically contradicted by affidavits filed by defendant; that at the time set for hearing defendant was present with her witnesses, when the case was adjourned for eight days to enable petitioner to prepare for trial, and that, after the hearing, which was on oral evidence in open court, the vice-chancellor withheld his opinion four months on suggestion of petitioner that he desired to produce further evidence, which he failed to do.—*Held*, that petitioner was not entitled, after the decision was filed, to have the case opened, and to introduce additional evidence corroborating his witnesses and contradicting defendant's as to collateral facts.

2. Where, in such case, defendant is required by the court, on the election of petitioner, to come from a distant state, and be present at the trial for the purpose of identification, and the trial is adjourned for several days on petitioner's application, the reasonable hotel expenses of defendant and an important witness accompanying her, and defendant's dining and sleeping-car expenses, are properly chargeable to petitioner, in addition to her car fare, although she has means of her own.

3. Defendant is not entitled to an allowance for the car fare and other traveling expenses of such witness, although she may have needed her as an attendant on account of illness.

4. In such case defendant should have applied to the court in advance to be relieved from personal attendance or for an attendant.

5. Defendant in such case is not entitled to an allowance for amounts paid counsel on execution of commissions to take depositions on interrogatories.

---

On motions for leave to open the case and produce additional testimony, and for alimony *pendente lite* and counsel fee.

*Mr. Raymond P. Wortendyke,* for Thomas Main

*Mr. Carroll Robbins,* for Sarah Ann Main.

GREEN, V. C.

This case was tried before me and submitted, in April last. Subsequently the counsel for the petitioner, Thomas Main, several times suggested that he wished to make application for leave to produce additional testimony, and, desiring to afford every facility to counsel, I postponed filing my opinion from time time, until I sent word to him that unless he made his motion by the 16th of August, I could not wait longer for his convenience. Not hearing from him at that time, I, that evening, filed my opinion, advising a decree in favor of the defendant, on the ground that the petitioner had failed to establish his charge against his wife.

Counsel for the defendant stated, on the hearing of this action, that no decree had been entered, because he desired to make a motion for alimony *pendente lite* and counsel fee.

The case then stands in this condition: Proofs have been taken before a vice-chancellor in open court; the case has been duly considered and his opinion rendered, and the motion is then made on behalf of the losing party to open the case for further hearing. This is, of course, contrary to the general practice of the court. As shown by Chancellor Runyon in the case of *Mulock v. Mulock, 1 Stew. Eq. 15,* the general rule was not to permit the introduction of new evidence after publication, but he suggests that the grounds upon which the rule was founded have been shaken, if not entirely removed, by the change in the practice which has obtained with reference to the trial of causes in this court before a vice-chancellor. In that case the application was made after the evidence was closed, but before the argument of the cause had taken place, and the chancellor opened the testimony for the further proof. In this case the testimony has been taken, the argument had and decision rendered. In *Warner v. Warner, 4 Stew. Eq. 549,* on petition filed after a decision of the case, Vice-Chancellor Van Fleet (at *p. 551*) says: "In determining whether the proofs should be opened in a case tried before the vice-chancellor, by the oral examination of witnesses, this court is governed by the same rules that the law courts apply to applications for new trials. This court will open the proofs be-

fore argument, upon the discovery of new and material evidence, provided it is shown that the applicant could not have discovered the new matter, by the exercise of reasonable diligence, before the proofs were closed."

In *McDowell* v. *Perine, 9 Stew. Eq. 632,* it was held in the court of appeals that a rehearing will not be granted if the evidence to be offered is merely cumulative. There is more reason for such refusal where the party has been warned and has without excuse failed to produce his evidence.

[The vice-chancellor here considers the affidavits presented on the motion and proceeds]—

From this statement it will be apparent that the petitioner was duly warned by the affidavits presented by the defendant in November, 1891, that in her defence to the charge made against her, she would directly attack the statements which had been made by Rillings and by Norris. This was five months before the case actually came to trial. The presence of defendant, of Clarissa Dale and of Locke in the court-room March 23d, 1892, was notice to petitioner to meet the allegations of the affidavits on which the decree had been opened.

There is no proof to show that the petitioner might not have furnished himself with the evidence to corroborate these two witnesses, on whose testimony his whole case depended, which he now seeks to introduce, or that he exercised due diligence to procure and present this testimony to support witnesses whose statements he had notice would be attacked. But the evidence that is sought to be given does not even rise to the dignity of cumulative evidence; it would not be testimony tending to establish the alleged facts sworn to by Norris or by Rillings; its only probative force would be to corroborate them in their statement with reference to their whereabouts, and to Locke's acquaintance with them both. This defendant lives in Denver, Colorado. To reopen this case entails upon her the expense and annoyance of again defending the suit, as well as leaving her character open to the imputation which has been made by the charges of the petitioner. Neither the practice of the court or justice require that she should be subjected to this additional hardship. But the petitioner not

Main *v.* Main.

having shown due diligence or surprise in a legal sense, which would justify the court in granting his petition, even if the testimony was of a character which, under the rules, would entitle it to consideration, I advise that the motion be denied, with costs.

Defendant's counsel moved for an additional counsel fee and for an allowance, by way of alimony *pendente lite,* for Mrs. Main's expenses in coming from Denver, Colorado, with Clarissa Dale, to testify on the trial.

Counsel for petitioner urges that no allowance should be made on the ground that the defendant has a separate estate of some $6,000, and cites several cases in support of his position. The rule as to alimony has, of course, been materially modified by the acts with reference to the rights of married women over their property, but the cases cited do not apply for two reasons—*first,* the defendant does not have this property absolutely, but chiefly because the expenses now sought to be obtained in this manner were incurred because the petitioner brought the defendant from her home in the far west to be present at the trial. He wanted her, no doubt, for the purpose of identification, and the chancellor imposed the expense of her car fare as a condition of her compliance.

An order was made, on the opening of the decree, to permit the defendant to come in and answer, that the defendant should give her testimony orally in court, if the petitioner, her husband, elected to pay her car fare from Denver to Jersey City and return, and should give notice of his election, and make such payment fifteen days before the hearing of the cause. This option the petitioner exercised, gave the notice required and paid the fare, and defendant came from Denver and was present at the trial.

She brought with her, from her home in Denver, her niece, Clarissa Dale, thus making the expense just double what it would have been if she had come alone. She urges the necessity for a traveling companion, on the ground of her ill-health. This is only her own opinion as it is presented, there being no certificate or affidavit of a physician that such attendant was required. I am not prepared to say, if it was the case that she

ought not to have traveled alone, that this allowance should be made in this way. The court ordered the husband to pay the wife's fare if he desired to have her present on the trial for examination as a witness, requiring him to give her fifteen days' notice of his election to require her to come on. If she was not able to travel alone, application should have been made, either to relieve her from coming or for an allowance for some one to care for her.

Miss Dale was defendant's most important witness. It is true her testimony had been taken on commission which defend-ant could use, but her presence in the court, when Rillings and Norris were examined as witnesses, was of vital importance to the defendant's case, and I much doubt, if defendant and her niece had not been personally present, and thus enabled to meet the case as presented by the detective and his witness, her counsel could have made the convincing defence he did. There is no provision of law for imposing on the opposite side the extraordinary expenses of a foreign witness, and if parties find it expedient to have them in attendance they must be satisfied, so far as costs are concerned, with those given to a witness within the state. I do not think defendant should be allowed for Miss Dale's traveling expenses from Denver to Trenton.

The hotel expenses of defendant and her witness stand on a different ground. They were present in court on March 23d, ready for trial. It was postponed on the application of the petitioner, and the adjournment was granted on the terms that he pay a certain amount for the board and expenses of defendant and witness. I do not think it was out of reason that they put up at the hotel they did. They were entitled to stop at a respectable, comfortable place, and they do not appear to have been extravagant in their requirements. She should be allowed $17.86, which she paid for hotel expenses more than she received. I think it is fairly within the spirit of the chancellor's order to pay her car fare from Denver and return, that her necessary expenses on the trip, such as sleeping-car and dining-car charges and meals should be also paid. From her statement it appears that the traveling expenses of herself and Miss Dale were

$221.45, one-half of which, $110.73, she is entitled to be reim-bursed. She has received $90.30, leaving still unpaid $20.43.

Under the chancellor's order she was entitled to receive her car fare from Trenton to Jersey City on March 23d. Miss Dale was then a witness within the state, and entitled to $1 a day, and a day's fees for every thirty miles, going and return-ing, and the charge of $5.50 for both is proper to be allowed.

I decline to allow the amounts paid to counsel on executing the commissions, or for the expense of the commission. It was taken on interrogatories and no counsel was necessary, and as to the latter the statute is express. *Rev. p. 386 § 44.*

Counsel has been required to go away from Trenton nine times in connection with the case. He has been allowed $75. I will advise the allowance of an additional counsel fee of $50. I will advise an order for the payment of alimony *pendente lite* to cover the following amounts : Hotel expenses, $17.86 ; trav-eling expenses, $20.43 and $5.50, aggregating $43.79, and an additional counsel fee of $50.