WILLIAM P. THOMAS v. THE CONSOLIDATED TRACTION COMPANY.

Argued February 18, 1898—Decided June 13, 1898.

1. Whilst a street car company has the right to place a pile of car track rails upon the street, temporarily, for its use in reconstructing or repairing its car track, yet it is bound to the duty to exercise reasonable care to guard the public, using the street, against the danger arising from the rails so placed upon the street, and in the night-time to place a guard or signal of warning to persons using the street, and this duty exists whether the pile of rails be placed in the gutter of the street or in some other portion thereof.

2. Where the plaintiff, in the night-time, had come from a house on the street and was endeavoring to cross over the curb and street to board a street car, and in doing so stumbled and fell upon a pile of street car rails placed in the gutter or alongside the street, over which he was crossing in order to take the car, the pile of rails extending a few inches above the curb, there being no signal of danger or guard placed there to warn the plaintiff of the existence of the pile of rails at that place, and the street lamps or lights being at some distance away, up and down and across the street, and, under the evidence, it being a matter of fair controversy whether the rails could be seen by the plaintiff in the exercise of ordinary care in passing over the gutter or

side of the street, a case is presented which calls, as matter of fact, for a determination by the jury whether the defendant company, which placed the pile of stones in the gutter, had exercised reasonable care to protect the plaintiff from the injury arising to him by reason of his fall, and also whether the plaintiff himself had exercised reasonable or ordinary care in passing over the street to reach the car.

3. Newly-discovered evidence in behalf of the defendant, tending to show the existence of lights in the vicinity, as bearing upon the question of the negligence of the defendant and the contributory negligence of the plaintiff, in order to be considered on a rule to show cause why the verdict should not be set aside, must be such as is not merely cumulative and such as could not have been produced at the trial by the exercise of ordinary diligence on the part of the defendant.

On rule to show cause why the verdict for the plaintiff should not be set aside.

Before Justices LIPPINCOTT, LUDLOW and GUMMERE.

For the plaintiff, *Frederick C. Marsh.*

For the defendant, *Frank Bergen.*

The opinion of the court was delivered by

LIPPINCOTT, J.  The plaintiff in this action was injured on July 20th, 1894, by falling upon a pile of street car track rails which had been left in the gutter, or alongside the curb of North Broad street, in the city of Elizabeth, by the defendant company, to be used in the reconstruction of its street railway.

He had just left the house of a friend on that street, upon whom he had been making a call. It was after nightfall, and in crossing over the curb and gutter of the street, intending to take the car of the defendant company, he stumbled upon and fell upon the pile of rails. No guard had been placed around the pile of rails, nor had any light or other signal been placed upon it or near it to warn passers over the street of its existence or of its dangers to anyone.

Whilst the defendant had the right to place these rails upon the street temporarily for its use in reconstructing or

repairing its track, yet it was its duty to exercise reasonable care to guard the public using the street against the danger of accident to anyone in the use of the street, and a neglect of this duty resulting in injury was actionable negligence.

Upon the evidence in the case, whether the defendant company failed to exercise the legal character of care required to guard and protect persons using this street from injury, and whether if negligence was established against the defendant in this respect, and whether the injury arose to the plaintiff from such neglect, were all questions properly submitted to the determination of the jury.

On the part of the defendant it was insisted that the pile of rails could have been seen and avoided by the plaintiff in the exercise of ordinary care to take care of himself, and therefore he was guilty of contributory negligence and could not recover.

It was shown by the evidence that there were two street lights in the vicinity; one was up and the other down the street; one was about sixty feet away and the other about one hundred feet away; one of the lights stood among the trees on that side of the street. There was evidence tending to show that the pile of rails could have been seen by the aid of these lights. There was other evidence that the pile of rails lay within the shadows caused by the trees, and that the lights did not reveal its presence there. The plaintiff testified he did not see it. He was hastening across the sidewalk, gutter and street to reach the car which he intended to board. Much evidence was adduced and controverted, one way or the other, whether the pile of rails could be seen, and as to the light or darkness which prevailed at this point, bearing upon the questions whether the defendant had exercised reasonable care, and whether the plaintiff was in the exercise of reasonable care to protect himself from injury in the use of the street.

I think it is manifest that the question of whether the plaintiff was guilty of contributory negligence was properly submitted to the jury.

Under this rule to show cause evidence alleged to be new has been taken and submitted to the court. Upon examination it appears to be entirely cumulative, tending to show the street lights there and the character of the light, in order to demonstrate the exercise of care by the defendant or the negligence of the plaintiff. The evidence is in no sense different from that produced on the trial. It may be said that there is a little more of the same kind of evidence produced at the trial. Besides, it appears to be such that, in the exercise of ordinary diligence by the defendant, it could have been produced at the trial. *Joslin* v. *New Jersey Car Spring Co.*, 7 *Vroom* 141, 147; *Kirk* v. *Rickerson*, 17 *Id.* 13; *Servis* ads. *Cooper*, 4 *Id.* 68; *Dundee Manufacturing Co.* ads. *Van Riper*, *Id.* 152.

It cannot be contended that this evidence can have any effect upon the determination of this rule.

The damages are claimed to be excessive. The verdict was for the sum of $3,000.

The principal bone of the left arm was fractured. It is in evidence that the arm has been permanently impaired. The physician was in attendance upon him for six weeks. When the cast was removed after this period it was found that the joint of the arm had stiffened. He then was placed under the influence of ether and the adhesions were broken, so that he was disabled for several weeks longer. He expended about $250 for services of physicians. He was incapacitated from attending to his business as a member of a firm of custom-house brokers in the city of New York for quite a long period of time. Some losses were estimated upon his business and some money expended for clerk hire in the firm for him because of his absence. His injuries were of a painful character, and the impairment of his arm has, to a considerable extent, become permanent.

The conclusion reached is that the case was properly submitted to the jury, and upon the question of damages, that they should be reduced to the sum of $2,500. If the plaintiff elect to accept this sum by rule of this court, then the

rule to show cause may be discharged, with costs; otherwise, the rule to show cause may be made absolute and a new trial ordered.