JOSEPH P. RICHARDSON, administrator, &c., respondent,

*v.*

HUGH HATCH, appellant.

[Submitted March 27th, 1905.   Decided June 19th, 1905.]

1. A rehearing will not be ordered unless some special reason therefor be shown other than the desire of the defeated party to try the cause over again.

2. If the application is also for leave to present additional testimony, it must be shown that the testimony sought to be introduced is newly-discovered evidence, not accessible to the petitioner at the time of hearing, and which will probably affect the mind of the court to change the decree.

On appeal from a decree in chancery advised by Vice-Chancellor Grey, who filed the following opinion:

This is a motion to open the final decree in this case and allow the defendant, Hugh Hatch, against whom it was pronounced, to offer new testimony, and for a rehearing of the cause with such additional testimony under consideration.

The bill of complaint was filed by Joseph P. Richardson, the administrator with the will annexed of Joseph Hatch, a deceased partner, against Hugh Hatch, the surviving partner of

the late firm of Hatch & Brother, and seeks a discovery and accounting regarding the partnership business. By consent an order of reference was, on June 10th, 1902, made to a special master to take and state an account of all the partnership transactions, &c., and to report the amount, if any, due the complainant, &c. The master reported on June 16th, 1903, stating an account, with testimony in support thereof accompanying his report, showing that there was due the complainant from the defendant the sum of $6,156.53.

On June 23d, 1903, the defendant filed exceptions to the master's report, which were heard upon full argument on October 5th, 1903, and were dismissed by a decree dated October 9th, 1903, which followed an opinion fully stating the grounds for that decree.

An appeal was taken from this decree on November 15th, 1903. The appellant, Hugh Hatch, at November Term, 1904, moved the court of appeals for the dismissal of his appeal (without prejudice to the taking of a second appeal) in order that he might apply to this court for a rehearing of the cause, which motion was granted upon terms that the appellant should file a bond securing the payment of the decree from which he had appealed, without prejudice, &c., if this court allows such rehearing.

The record was then remitted to this court and the defendant, Hugh Hatch, now files his petition in this court stating several grounds which he alleges entitle him to relief.

These grounds are:

*First.* That the health of his counsel, David J. Pancoast, esquire, was seriously impaired while the suit was in progress, and that he, through inadvertence or forgetfulness, neglected to produce before the master evidence essential to the determination of the cause on its merits.

*Second.* That the defendant desires to present evidence to "rebut the presumption of law" that because of a certain entry in the firm's books the accounts of the partners were settled at a certain date. This evidence, as stated in the petition, tends to show that the defendant was unacquainted with that entry, and that it was made by the decedent, Joseph Hatch.

*Third.* That he also desires to prove that a farm, the occupancy of which, rent free, by the defendant, Hugh Hatch, was in the testimony referred to as counterbalancing the moneys which the decedent, Joseph Hatch, had received from the firm, did not belong to the partnership or to Joseph, but to Mary L. Hatch, mother of Hugh and of Joseph, and that Hugh's use thereof was not profitable to him, &c.

On these grounds the defendant prays that this court will grant him a rehearing of this cause.

The complainant resists the defendant's application, insisting that no sufficient reasons have been exhibited to this court to justify reopening the cause, and that those set up are not true in fact.

It is, I think, indisputable that the party applying for a rehearing must show that the reasons presented for reopening the case are not only sufficient in law, but also true in point of fact. The cause cannot be tried over again because the defeated party would like to have another chance.

In this case the complainant denies that any of the reasons set up by the petitioner, Hugh Hatch, for reopening this cause are either sufficient or true.

The first reason presented in support of this motion for a rehearing is that the illness of Judge Pancoast, then the solicitor for the petitioner, Hugh Hatch, caused him to neglect to produce before the master evidence essential to the determination of the cause on its merits.

Not one of the affidavits presented by the petitioner, Hugh Hatch, supports this claim. All that is shown is in the affidavit of Hatch himself. He simply swears that he was represented by Judge Pancoast as his counsel; that he died in October, 1904; that for many months before that time he was in failing health, confined to his house by a serious illness and unable to attend to any business. Nothing is offered to prove that between June 9th, 1902 (the date of the order of reference to the master to state the account), and June 4th, 1903 (when the master's report was concluded), Judge Pancoast was either sick or unable to attend to business. On the contrary, the master's report of the taking of the testimony shows that Judge Pancoast attended

all the sessions before the master from June 14th, 1902, when they opened, until February 20th, 1903, when Judge Pancoast himself declared on behalf of the petitioner, Hugh Hatch, "We have no testimony to offer and rest our case."

This date, February 20th, 1903, was a year and eight months before Judge Pancoast's death. He appeared and argued the exceptions to the master's report before me in October, 1903, with all his usual energy and capacity. The claim that Judge Pancoast's ill health prevented the presentation of material evidence before the master is directly in the teeth of the facts as they appear of record. The case was before the master for eight months, with many sessions and abundant opportunity to make good any omissions.

No proof is offered to show that any evidence was given to Judge Pancoast, or called to his attention, to present in behalf of the petitioner, Hugh Hatch, which was not submitted to the master.

So far as this reason for a rehearing of the case is concerned, it is plainly shown to be no reason.

The second ground set up for a rehearing is that the petitioner, Hugh Hatch, desires to present evidence to rebut the presumption of law that an entry in the books of the firm of Hatch & Brother showed that the accounts of the partners were settled at a certain date. This evidence, the petitioner claims, will show that he was unacquainted with the fact that that entry was made, and that in truth it was entered in the firm's books by the decedent, Joseph Hatch, of whose estate the complainant in this cause is administrator.

This refers to the entry of March 2d, 1885, in the firm's books, which was put in evidence before the master without objection to its admissibility. This whole matter was before the master in evidence and in his report. It was the subject of the exceptions which were filed to that report, and which were argued before me and decided against the petitioner, Hugh Hatch, in the opinion heretofore delivered.

The petitioner assumes that the time when the partners settled their accounts was fixed solely by this entry, but this is not the fact. The entry itself was of little weight; the most potent evi-

dence was in the proven and undisputed fact that from the date of that entry, March 2d, 1885, Hugh Hatch himself recognized that settlement by drawing thereafter, for a period of ten years, equal sums with Joseph from the partnership. Other proof was offered in support of the date of this settlement. The whole matter was opened, testimony was offered on it, and it was debated, reported on, excepted to, argued and decided.

As to the matter which the petitioner, Hugh Hatch, wishes to show by the rehearing, that he was unacquainted with this entry of March 2d, 1885, and that it was, in fact, made by the decedent, Joseph Hatch, that is already in the proof made before the master.

On page 33 of the printed book of the appeal, showing the testimony of Hugh Hatch before the master, his attention was called to this entry, and he was asked:

"Q. When did you first know there was such an entry in this book?" He replied: "Not until after Joseph's death." He repeated this answer as to the corresponding entry in the firm's book.

As to the other incident which the petitioner desires to prove on a rehearing, to the effect that the challenged entry was made by Joseph, the petitioner had his opportunity before the master. When he was under examination the entry was shown him and he was asked by Judge Pancoast (page 33 of the book of appeal):

"Q. Whose handwriting is that in, if you know?" He replied: "I don't know, Judge."

No rehearing ought to be based on an effort to prove a matter which has already been under examination, unless the incident is controlling and there is a showing that newly-discovered evidence will alter the accepted proof.

As to this incident, there is no claim that anything has been discovered since the proof was taken before the master which could not then have been proven.

The third reason for a rehearing is the petitioner, Hugh Hatch's, desire to prove that the farm (the occupancy of which by him for some years was mentioned as a reason for the settlement of March, 1885) did not belong to the firm, but to the mother of Joseph and Hugh, and that the use of the farm was not profitable to Hugh.

It was not claimed by anyone that the farm belonged to the partnership. The proof on this point simply went to show that in the family talk and arrangement Hugh's occupancy of the farm was urged as one of the reasons for his settlement with Joseph on terms favorable to the latter. To prove that the farm belonged to the mother, or that its use was not profitable to Hugh, would not refute the fact proven that Hugh's use of the farm was urged and accepted as a reason for his settlement with Joseph in the family talk.

None of the matters set up as grounds for a rehearing present any sufficient cause to reopen this case.

The claim that the petitioner's case was neglected or ill-managed before the master is wholly unsupported by any proof. None of the testimony proposed to be offered is shown to be newly-discovered, since the cause was on hearing before the master.

The subject-matter which is to be dealt with in the proposed testimony was all of it under examination before the master for months, was clearly within the scope of the matters which were the subject of dispute between the parties in the taking of the evidence, and which were passed upon in the opinion pronounced on overruling the exceptions to the master's report. The cause has been fully and fairly heard, and the decree, in my view, is entirely equitable.

I see no reason in any of the matters submitted which would justify a reopening of the proofs and a rehearing of this cause.

I will advise an order that the petition for a rehearing be dismissed, with costs.

*Messrs. Wilson, Carr & Slackhouse,* for the appellant.

*Mr. Howard M. Cooper,* for the respondent.

PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion of Vice-Chancellor Grey, rendered on the application for a rehearing and filed in the court below.

*For affirmance*—The Chief-Justice, Dixon, Garrison, Fort, Garretson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray—12.

*For reversal*—None.