STATE MUTUAL BUILDING AND LOAN ASSOCIATION OF CAMDEN, NEW JERSEY, BY RECEIVERS, &c., DEFENDANT IN ERROR, v. WILLIAM WILLIAMS, SAMUEL ISZARD ET AL., PLAINTIFFS IN ERROR.

Submitted December 6, 1909—Decided February 28, 1910.

1. An order striking out a plea as frivolous or sham was not reviewable at common law, and our statute (*Practice act*, 1903, §§ 110, 111) has not altered the law in that respect.

2. An order striking out a frivolous or sham plea being merely incidental and discretionary in character is not final in the sense of the common-law rule applicable to writs of error.

3. The case of *First National Bank of Red Bank* v. *Jones,* 15 *Vroom* 60, approved.

On error to the Camden Circuit Court.

For the plaintiffs in error, *Bleakly & Stockwell.*

For the defendant in error, *Harvey F. Carr.*

The opinion of the court was delivered by

VOORHEES, J.   The judgment in this case was entered as upon a *nil dicit* for want of a plea, all the pleas interposed having been upon application stricken out, after testimony had been taken on a rule to show cause granted for that purpose.   The rule for judgment recited "and the said pleas having by a rule of court heretofore entered  *  *  *  been stricken out as sham and frivolous and the plaintiff granted leave to enter judgment against said defendants as in default of a plea or pleas," &c.   After the entry of the judgment a further rule to show cause why the judgment should not be opened was allowed and discharged.

It is sought by this writ of error to review the judicial action in striking out the pleas and refusing to open the judgment.   The outlying branches of the case upon which that action rests have been brought here by *certiorari.*

The power to strike out pleas as sham and frivolous does not depend upon our statute.   It has always existed in the common-law courts of superior jurisdiction, and an order entered for that purpose was considered incidental and not the subject of review by writ of error.   This court so decided in *Brown* v. *Warden,* 15 *Vroom* 177, citing *Hogencamp* v. *Ackerman,* 4 *Zab.* 133.   In the latter case it is remarked: "It is not to be forgotten that by the summary process of striking out we deprive the party pleading of an opportunity to have our decision reviewed."   The former case further declares that no change has been made in the common law in

this particular by the Practice act. *Pamph. L.* 1903, *p.* 537, §§ 110, 111. Indeed, the distinction made by the above-mentioned sections between frivolous and sham pleadings and those which are irregular or defective, and the further consideration that when the latter have been stricken out, a right is given to assign error on the order (*Cooper* v. *Vanderveer,* 18 *Vroom* 178; *Monmouth Park Association* v. *Warren,* 26 *Id.* 600), emphasizes the fact that our statute has not altered the common law with regard to the former class. In *Coykendall* v. *Robinson,* 10 *Id.* 98, a case in this court wherein the power of a court to strike out a plea was considered while it arose upon writ of error, the point seems not to have been made that it could not thus be presented, and does not in fact decide it. The opinion does state that inasmuch as the order of the judge had declared that the plea was sham, his finding must be assumed to be true until the contrary appeared. This court, on writ of error, has no power to determine facts.

It is said, however, that the order striking out the plea is a finality and not one resting in discretion, and hence, under the principles laid down in *Eames* v. *Stiles,* 2 *Vroom* 490, a writ of error will lie from this court although according to the ancient practice it would not. I do not understand that case to go to the length claimed for it. It indeed did grant a larger scope to a writ of error issuing out of this court than was possessed by it at common law. The opinion says:

"The only requisites are, that the decision of the inferior court is final, and has not proceeded from a matter resting in discretion. It is to be understood, however, that the term final is here used in the sense of the common-law rule applicable to writs of error. The decision must have settled definitively in the suit or proceeding the rights of the parties. The rule, as established, appears simply to have removed the requisite of coincidence of the proceedings with the course of the common law; the other tests of the common law still obtain. What are matters of discretion and what is a final decision, are still to be decided by reference to the ancient system and the principles established in the decisions of the courts."

Tested, therefore, by these principles, the order under review was not in the common-law sense a finality.

Furthermore, the reason of the decision in that case was founded upon "the conclusion that the framers of the present constitution (of 1844) intended by the provision which declares that 'the judicial power shall be vested in a Court of Errors and Appeals in the last resort in all causes *as heretofore,*' to confer upon this court all the authority which it had antecedently claimed and at that time habitually exercised." No case, however, is referred to where the court had before the adoption of the constitution entertained jurisdiction to review an order like the one *sub judice.* On the contrary, in *Coxe* v. *Higbee,* 6 *Halst.* 395, it is pointed out that power resides in the court *in its discretion* to strike out a frivolous plea, and Justice Ford, in his dissenting opinion in *Evans* v. *Adams,* 3 *Gr.* 373, 385, classes the striking out of pleas and the refusing or granting of new trials as matters resting in discretion. And since then the Supreme Court, in *Key* v. *Paul,* 32 *Vroom* 133, by Mr. Justice Dixon, has declared such action as a matter of discretion.

This view is not at variance with the principle enunciated in *Defiance Fruit Co.* v. *Fox,* 47 *Vroom* 482, which excepts matters resting in the discretion of the court.

Our conclusion, therefore, is that an order striking out a plea as frivolous or sham was not reviewable at common law; that our statute (*Practice act,* 1903, §§ 110, 111) has not altered the law in that respect, and that such an order, being merely incidental and discretionary in character, is not final in the sense of the common-law rule applicable to writs of error.

The remaining question to be decided is whether an order refusing to open a judgment is of a character to be reviewed on error. A rule of this character is likewise an incidental one and discretionary in its character. It was so decided by the Supreme Court in *First National Bank of Red Bank* v. *Jones,* 15 *Vroom* 60, and that case is approved.

Inasmuch, however, as the record of the judgment itself has been brought here and common error has been assigned

upon the record, and no error appearing why the judgment should be reversed, the writ will not be dismissed, but the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 16.

*For reversal*—None.