17 N.J. Super. 320 (1951)
86 A.2d 23
HELEN SHORE, PLAINTIFF,
v.
WILLIAM SHORE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 17, 1951.
*321 Mr. Leslie H. Cohen, attorney for the plaintiff.
*322 Mr. Paul C. Kemeny and Mr. Benjamin Ratner, attorneys for the defendant.
TOMASULO, A.M.
Defendant appeals from (a) an order denying his application for a rehearing, (b) to vacate a judgment nisi entered in favor of the plaintiff.
The defendant, who was previously married to one, Elsie Shore, had obtained a divorce decree in Arkansas dissolving said marriage, after which he married the plaintiff in the instant proceeding. Thereafter, Elsie Shore instituted an action in New York, having a two-fold purpose, the first of which was to set aside the Arkansas divorce as constituting a fraud on the New York courts and secondly, to obtain a judgment for divorce against the defendant for his adultery with the plaintiff, Helen. Both the New York action by Elsie Shore and the present proceeding were pending simultaneously. The defendant appeared in the New York action and filed an answer in which he set up his Arkansas decree, the validity of which he maintained in his answer, as a bar to her right to relief. For reasons best known to the defendant, his answer was thereafter withdrawn and the New York action proceeded ex parte, with the result noted infra.
The defendant, in his answer to the plaintiff's amended complaint, inter alia, stated here:
"The defendant obtained an Arkansas divorce from his wife, Elsie Shore. The said Arkansas divorce is void and of no effect in this state and is not entitled to full faith and credit because the same was obtained by fraud, as the defendant was not a bona fide resident of Arkansas in which event the Arkansas court never had jurisdiction over the defendant. The defendant was a bona fide resident of the State of New Jersey at the time he secured the Arkansas divorce and has been at all times a bona fide resident of New Jersey. The defendant is the husband of Elsie Shore and not the husband of Helen Shore, the plaintiff in this action.
The plaintiff is not entitled to any relief and her suit should be dismissed because she is guilty of unclean hands. Although she knew that the defendant was married to Elsie Shore and that he was a bona fide resident of New Jersey, she induced and influenced him to institute the fraudulent divorce in Arkansas, knowing full well *323 that the defendant was not a bona fide resident of Arkansas and never intended to be, and with full knowledge of the fraud which the defendant perpetrated upon the courts of Arkansas and New Jersey and knowing that the decree of divorce was void, she entered into a marriage with the defendant."
Thus, a rather anomalous situation arose by which the defendant, in entering his defense to these two actions, affirmed the validity of the Arkansas decree in his New York answer, while at the same time in the concurrently pending New Jersey action, he disavowed its validity and affirmed its invalidity because of his admitted fraud in its procurement.
Both the plaintiff and the defendant, having appeared with counsel at the final hearing on June 5, 1951, in the present cause, the court proceeded to take the plaintiff's proofs. Both the defendant and his counsel participated in the hearing and cross-examined the plaintiff and her witnesses and offered testimony on defendant's behalf. Again, as in the New York litigation, the defendant, before the conclusion of the hearing resulting in the judgment nisi herein, withdrew his answer and thereupon the matter proceeded ex parte and to its conclusion by the entry of the judgment nisi. Subsequent to the entry of the New Jersey judgment the New York action was wound up by the entry of a judgment which (a) held the Arkansas decree void as being a fraud upon the New York court, and (b) divorced Elsie Shore, the plaintiff in the New York action, from the defendant for his adultery with the New Jersey plaintiff, Helen Shore.
Upon the conclusion of the New York proceedings, the defendant petitioned this court to vacate its previously entered judgment nisi and to restrain its becoming final, alleging as his grounds therefor, that the New York judgment invalidating the Arkansas decree had the legal effect of having conferred upon him the status of having been married to Elsie at the time of his marriage to Helen and that consequently the latter marriage was void, leaving no valid marriage in existence capable of being dissolved by a judgment of divorce in the case sub judice.
*324 Our statute authorizes the vacating of a decree nisi in the following instances:
R.S. 2:50-30: "A judgment nisi shall become absolute after the expiration of three months from the entry thereof, unless appealed from or proceedings for review are pending, or the court before the expiration of such period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of three months, the final and absolute judgment shall be entered, unless prior to that time cause be shown to the contrary."
Rule 3:87-5: "In every action for absolute divorce or for nullity of marriage the final judgment shall be entered by the clerk, as of course, immediately upon the expiration of three months from the entry of the judgment nisi, unless that judgment be appealed from or proceedings for review are pending, or the court, before the expiration of said period, for sufficient cause upon its own motion, or upon the application of any party, whether interested or not, otherwise orders."
It is not contended by the defendant that he is entitled to the benefit of the provisions of the cited law. At any rate, the defendant does not invoke the statute as a basis for the relief sought in his petition to vacate the judgment nisi, to which under any circumstances we must look in order to determine the defendant's right to the relief sought. The defendant's petition for a rehearing and to vacate the judgment nisi states:
"Your petitioner, William Shore, for cause why the said decree should not be made absolute, and seeking a rehearing, shows:
(a) At the original hearing, evidence as to the knowledge and participation in the divorce action brought by Elsie Shore against your petitioner in the Supreme Court of New York, on the part of Helen Shore the plaintiff in the New Jersey action, was suppressed. Since the decree nisi, proof has become available that the mother of Helen Shore, a witness in the New Jersey action, testified for Elsie Shore in the New York action. This testimony together with testimony before the court as to the procurement of the Arkansas decree, is sufficient to justify a decree for annulment, which your petitioner seeks.
(b) The plaintiff, Helen Shore, knew of the bigamous nature of her marriage to your petitioner, having inspired the Arkansas action, declared void by the New York action wherein the said Helen Shore was a participant and started this action (M-5731-49) Superior Court of New Jersey, with unclean hands."
*325 The application of the defendant, therefore, must assume the status of an application for a rehearing. Where a litigant has answered and intentionally withholds his defenses, even upon advice of counsel, error of judgment, or speculating with the evidence, he is not entitled to a rehearing. Biddle on Divorce, page 40; Warner v. Warner, 31 N.J. Eq. 549 (Ch. 1879), and Feinberg v. Feinberg, 70 N.J. Eq. 420 (Ch. 1905). Biddle (at the top of page 41) states that rehearings will not be allowed if the matter presented as a basis therefor would not be sufficient to "obtain" a new trial according to the "practice of law," citing Main v. Main, 50 N.J. Eq. 712 (Ch. 1892), and Pedrick v. Pedrick, 3 A. 406 (Ch. 1885). Besides, an application for a rehearing in chancery is governed by principles applicable to motions for new trial after verdict at law. Kirschbaum v. Kirschbaum, 92 N.J. Eq. 7, 111 A. 697 (Ch. 1929), in which our late Chancellor Walker stated the rule concerning newly discovered evidence in equity as follows:
"An application for a rehearing in Chancery is governed by principles applicable to motions for new trials after verdict at law. Feinberg v. Feinberg, 70 N.J. Eq. 420, 62 A. 562, and Richardson v. Hatch, 68 N.J. Eq. 788, 60 A. 52; 64 A. 1134. And at law they are always addressed to the discretion of the court, and are not reviewable on error. Furman v. Applegate, 23 N.J.L. 28, D.L. & W.R.R. Co. v. Nevelle, 51 N.J.L. 332, 17 A. 836, 19 A. 538; State Mutual B. & L. Ass'n. v. Williams, 78 N.J.L. 720, 723; 75 A. 927; DeMateo v. Perano, 80 N.J.L. 437, 438; 78 A. 162."
Besides, upon a rule to show cause why a verdict should not be set aside on the ground of newly discovered evidence, that evidence must be of such a character that it would probably change the result and produce the opposite result. Hoban v. Sandford & Stillman Co., 64 N.J.L. 426, 45 A. 819 (Sup. Ct. 1899). And a constitutional court is protected in its exclusive jurisdiction of such questions by the Constitution. Flanigan v. Guggenheim Smelting Co., 63 N.J.L. 647, 44 A. 762 (E. & A. 1899). In re Thompson, 85 N.J. Eq. 221, 96 A. 102 (Ch. 1915), the Chancellor went *326 on to acknowledge that when newly discovered evidence is merely cumulative, it is not ground for a new trial, citing Thomas v. Consolidated Traction Co., 62 N.J.L. 36, 42 A. 1061 (Sup. Ct. 1898), Hoban v. Sandford & Stillman Co., supra.
No such evidence was here adduced. The plaintiff's petition and affidavit for rehearing are in effect, the facts supporting the answer filed by him. They were available to the defendant at the trial from which he withdrew voluntarily. He had a full opportunity to present them to this court and chose not to do so. But the defendant might parry this argument by claiming that the New York judgment had not yet been rendered at the time of the New Jersey hearing, and consequently the outcome of the New York case was not available to him as a challenge to the plaintiff's decree. But this is not so. The New York judgment was and is now not necessarily controlling on the New Jersey courts or the plaintiff, since neither the State nor the plaintiff were parties to the New York litigation. It adjudicated nothing, other than that the Arkansas decree was a fraud upon its courts alone. The Arkansas decree might conceivably have not been a fraud upon the New Jersey courts and this court, in a proper proceeding such as the instant proceeding, could have so held. In the absence of proof to the contrary, this court justifiably accepted the plaintiff's proof as to the marriage and its subsisting validity at the time of the hearing. Nor was the defendant necessarily compelled to await the outcome of the New York case in order to litigate his rights in the New Jersey case. It was open to him to support his answer by the evidence with which he now belatedly seeks to support his untimely application. It is unnecessary in order to determine the instant issue for the court to speculate as to the probable outcome as respects the validity or invalidity of the Arkansas decree, had the proofs been presented to it. As I have indicated, it was entirely possible for this court to sustain or to set it aside, depending upon the defendant's proof. The New York adjudication was never *327 a sine qua non, without which the defendant could not have had a full and complete adjudication of all of his rights and defenses in the case at bar. It follows, therefore, that neither the facts set up in the defendant's petition and affidavits, including the fact of the entry of the New York judgment, constituted a recognizable ground for impairing the judgment nisi of this court. But assuming that there was some merit to the defendant's argument, I would nevertheless, determine the application adversely to the defendant, since such an application, as always, is addressed to the sound discretion of the court. Furman v. Applegate, 23 N.J.L. 28, 33 (Sup. Ct. 1850); D., L. & W.R.R. Co. v. Nevelle, 51 N.J.L. 333, 17 A. 836, 19 A. 538 (E. & A. 1889); State Mutual B. & L. Ass'n. v. Williams, 78 N.J.L. 720, 723, 75 A. 927 (E. & A. 1909); DeMateo v. Perano, 80 N.J.L. 437, 438, 78 A. 162 (E. & A. 1910). And this defendant, who has trifled with his defenses, averred one fact in a New York litigation and a contrary fact in the New Jersey litigation, filed and then withdrew answers in both litigations, and who admittedly participated in a fraudulent proceeding in the Arkansas litigation, does not command the respect of this court to such a degree as to move the court in exercising its discretion favorably to the defendant. In fact, his conduct in the case sub judice is deemed by the court of such character as to justify a denial of all relief. Clickner v. Clickner, 95 N.J. Eq. 479, 123 A. 373 (Ch. 1924). The defendant's application is denied.