ESTELLE A. BRANT

*v.*

ARTHUR BRANT.

[Decided May 11th, 1906.]

1. The affidavit of non-collusion required by section 5 of the Divorce act must be annexed to a petition which seeks divorce from bed and board under the provisions of section 3 of that act.

2. The notice of the order of publication to be served on an absent defendant is required to state the object of the suit; and if the notice undertakes unnecessarily to assert the grounds upon which relief is sought, it must state grounds which give jurisdiction to the court to decree relief.

On petition for divorce and motion for a reference, no answer having been filed by the defendant.

*Mr. George H. Bruce,* for the petitioner.

MAGIE, CHANCELLOR.

There are two questions raised upon the petition and its accompanying affidavit and one upon the proofs of service of a notice under an order for publication.

The first question is whether the affidavit of non-collusion required by section 5 of the Divorce act (*P. L. 1902 p. 502*) must be annexed to a petition which seeks divorce from bed and board under the provisions of section 3 of that act. Under the heading "Causes for Divorce," the act includes section 3, and thereby enacts that *divorce* from bed and board, forever or for a limited time, may be decreed for "extreme cruelty."

When, by section 5, the legislature declared that the court should not exercise the jurisdiction previously granted in any cause for divorce, unless an oath or affirmation of non-collusion is annexed to the bill or petition, the provision obviously included the case of a divorce from bed and board for extreme cruelty, for the act before provided that for extreme cruelty there might be such a divorce. It is true that complainant or petitioner is thereby required to swear or affirm that the complaint is not made by collusion for the purpose of dissolving the marriage, and a divorce from bed and board, it is well settled, does not dissolve the marriage. While the relief for the cause of extreme cruelty is a perpetual or limited separation, and no more, yet our legislation has characterized the judicial act which affords relief as a divorce. It is so designated in the Divorce act, passed February 16th, 1820 (*Rev. p. 667*); in the revised act of April 15th, 1846 (*Rev. Stat. p. 922*); in the revised act of March 27th, 1874 (*Rev. p. 254*), and each of said acts requires an oath of no collusion for the purpose of dissolving the marriage.

From this long course of legislation providing for divorce from bed and board for extreme cruelty, and yet requiring an affidavit of no collusion for the purpose of dissolving marriage

before jurisdiction can be exercised for that cause, I· conclude that the language of the required affidavit, in its application to a bill or petition for a divorce from bed and board, must have been intended, and must be construed, as referring to a dissolution of the marriage relation *pro tanto,* by a separation decreed for a time limited or for life.

The affidavit required by section 5 must be annexed to any bill or petition which seeks divorce for extreme cruelty, and no jurisdiction will be acquired over the cause without it.

The next question is whether the affidavit attached to this petition is such as is required by section 5. Such an affidavit may probably be sufficient if it expresses the matter so required, although not expressed in the precise language of that section.

The petitioner therein swears that the "petition" is not made by any collusion·between her and the defendant "for the purpose of procuring a separation."

· The affiant departs from the requirements of section 5 in two particulars—*first,* she fails to aver that *her complaint* is not made by collusion, and substitutes for it an averment that *the petition* is not made by collusion; *second,* she substitutes for the statutory phrase "dissolving the marriage" the words "procuring a separation."

It is obvious that the legislative purpose in requiring an affidavit annexed to the bill or petition as a *sine qua non* of jurisdiction was to exact from the suitor seeking divorce at the very outset of the cause a solemn declaration that the relief was not sought by collusion. What is required to be sworn to is plainly set out in the act. A ·departure from its requirements induces suspicion. One not in conformity to the language of the act ought not to be passed, unless it contains substantial equivalents thereto.

The affidavit attached to this petition induces suspicion. The act requires it to assert that the complaint is not made by collusion. ·The complaint in such cases is the statement of the causes on which divorce is sought. That complaint is contained in the bill or petition. An affidavit made in the language of the act plainly avers that the assertion of those causes for divorce is not collusive. When the affiant in this affidavit substitutes

"petition" for "complaint," did she make oath that her complaint was not made by collusion? As the petition contains the complaint and asserts the causes for which relief is sought, as well as asks relief, I have, after some hesitation, concluded that the affidavit, in this respect, is a substantial compliance with the requirement of the act.

But I am inclined to think that the language of the act does not find a substantial equivalent in the averment of non-collusion for the purpose of procuring a separation. Petitioner seeks a divorce, and that kind of a divorce which produces a limited dissolution of the marriage relation. *Procuring a separation* does not seem to me to express that idea with sufficient accuracy. In this respect the affidavit seems to be defective.

Another question arises with respect to the effort to bring the defendant into court so as to justify further proceeding.

Jurisdiction to proceed against this absent defendant depends upon the service of a notice to him, and the question is whether it is such as is required by rule 58 and the statute. Service of the order of publication or of a copy of the petition cannot be of any avail to give jurisdiction to act upon the defendant.

In this case, the notice of the order of publication which was served on the defendant declares that the action is brought for a *separation* (not *divorce*), on the grounds of *cruel and inhuman treatment* of the petitioner by defendant, and not for *extreme cruelty,* which the act declares to be cause for divorce.

The notice is required to state the object of the suit (*P. L. 1903 p. 122; rules 58 and 61*), and that object is divorce. The form or precedent given by Colonel Dickinson indicates that the notice may specify what kind of divorce is sought. *Dick. Ch. Prec. 31.* If the notice undertakes, unnecessarily, to assert the grounds upon which relief is sought, it must state grounds which, by the statute, give jurisdiction to the court to decree relief.

In my judgment, this notice is defective, (1) because it does not state the object of the suit to be divorce, and (2) because no jurisdiction to divorce is conferred for cruel and inhuman treatment, but only for extreme cruelty.

An order of reference cannot be made in this cause.