MAUDE FITZGERALD, petitioner-appellant,

*v.*

PAUL FITZGERALD, defendant-respondent.

[Submitted February term, 1933. Decided April 28th, 1933.]

*Mr. J. Chester Massinger,* for the petitioner-appellant.

*Mr. Warren H. Smock (Mr. Lester C. Leonard,* of counsel on the brief), for the defendant-respondent.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from a final decree of the court of chancery advised by Advisory Master Lawrence.

A petition was filed for a divorce by the appellant on the ground of desertion. Defendant answered denying the desertion and alleged in a counter-claim adultery on the part of the petitioner and asked for divorce on that ground. Petitioner answered the counter-claim denying the adultery. The master filed a report advising a decree in favor of the petitioner. Thereafter the case was reopened and additional testimony taken and the master found the petitioner guilty of adultery and advised a divorce in favor of the defendant on the ground of adultery. A decree *nisi* was entered on July 9th, 1931, and the final decree was entered on October 10th, 1931. The final decree was in accordance with the decree *nisi* making the decree *nisi* absolute. There was nothing contained in the final decree effecting the appellant which was not contained in the decree *nisi.* The notice of appeal was filed April 1st, 1932. The petition of appeal sets forth five grounds for reversal of the final decree. The second, third and fifth grounds are abandoned in the brief of counsel. The

first and fourth grounds for reversal are argued. These are in effect that the court of chancery erred in decreeing that the decree *nisi* be made absolute for the reason that the court had previously decreed that the petitioner was entitled to a divorce on the ground of desertion in February, 1929, and that the defendant was entitled to a divorce on the ground of adultery committed in April, 1930, and that, therefore, the court should have left both parties where it found them and should not have granted relief to either party.

It appears that no appeal was taken from the decree *nisi* within the three months required by the statute nor at any time thereafter. This appeal, however, was taken from the final decree almost six months after its entry. The act entitled "An act providing for divorces and for decrees of nullity of marriage and for alimony and the maintenance of children" (Revision 1907), as amended by *P. L. 1927 ch. 60,* provides: "A decree *nisi* shall become absolute after the expiration of three months from the entry thereof, unless appealed from or proceedings for review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of three months such final and absolute decree shall then be entered upon application to the court by the petitioner, unless prior to that time cause be shown to the contrary. Appeals shall be taken only from the decrees *nisi* and not from the final decrees, and shall be taken within three months from the filing of the decrees *nisi*." Counsel for respondent contends that under this statute the time for taking the appeal has elapsed. The statute gives the right of appeal from the decree *nisi*. The decree *nisi* has the quality of a final decree. In the case before us the final decree reiterated the former judgment or decree of the court and did not depart from it in any particular. Therefore, the determination of the rights of the parties was not changed in any way by the entry of the final decree. The statute expressly says that the final and absolute decree shall, at the expiration of three months after the entry of the decree *nisi,* be entered upon application to the

court by the petitioner unless prior to that time cause be shown to the contrary. No cause in this case was shown to the contrary. Counsel contends that under the constitution appellant is entitled to an appeal from the final decree even though no appeal was taken from the decree *nisi* and refers to the case of *Pennsylvania Railroad Co.* v. *National Docks, &c., Railway Co., 54 N. J. Eq. 647.* This court therein said in effect, that under the constitution of 1844 the court of errors and appeals was clothed with unlimited revisory power over all orders and decrees, whether final or not final, of the court of chancery. This unquestionably is true and the right of appeal cannot be annulled by an act of the legislature, providing the appeal is taken within the proper time. The act of the legislature, which counsel claims is unconstitutional as applied to the case now before us, does not divest the appellant of her right of appeal. The decree was made absolute and the final decree was in accordance with the decree *nisi* in every particular, so that if an appeal had been taken from the decree *nisi* within the time limited by the statute and such decree had been affirmed by this court, an appeal from the final decree would have been *res judicata.* The appellant slept on her rights and failed to take the appeal from the decree *nisi* within the time provided by the statute. Inasmuch as the final decree made absolute the decree *nisi* the appellant cannot now complain that he was injured by the entry of the final decree when he allowed it to be entered without appealing from the decree *nisi.* In addition to this the appellant allowed the final decree to stand for nearly six months before an appeal was taken to this court. The intention of the legislature, under the act above referred to, was that matrimonial suits should be settled speedily and that appeals therefrom should not unduly be prolonged, in order that the status of the parties might be speedily and definitely determined.

For the reasons above stated the appeal is dismissed.