14 N.J. Super. 317 (1951)
82 A.2d 204
FRED G. SENST, PLAINTIFF-RESPONDENT,
v.
ROXEY SENST, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1951.
Decided June 26, 1951.
Before Judges JACOBS, EASTWOOD and BIGELOW.
*318 Mr. Thomas J. Smith argued the cause for the appellant (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
Mr. Ira D. Dorian argued the cause for the respondent (Mr. Benjamin D. Braelow, attorney).
The opinion of the court was delivered PER CURIAM.
The plaintiff duly instituted his action for divorce charging that the defendant Roxey Senst committed adultery with the co-respondent Peter Levine. The defendant denied the adultery and counterclaimed for separate maintenance. After testimony was taken the advisory master determined that the charge of adultery had been established and that the plaintiff was entitled to judgment; on August 29, 1950, judgment nisi divorcing the parties was entered and the defendant's counterclaim was dismissed. On November 25, 1950, the defendant filed notice of appeal to the Appellate Division from the judgment nisi and the dismissal of the counterclaim. The plaintiff moved to dismiss the appeal on the ground that it was not taken until 88 days after the entry of the judgment and beyond the time for appeal permitted by Rules 1:2-5 and 4:2-5. See In re Pfizer, 6 N.J. 233 (1951).
The Rules of the Supreme Court were intended to set forth in comprehensive fashion the maximum time for the taking of appeals. Thus they provide that appeals from final judgments in the trial divisions of the Superior Court in civil causes shall be taken within 45 days; appeals from appealable interlocutory orders must be taken within the lesser period of 30 days. Whether the judgment in the instant matter be viewed as interlocutory in form (Rule 3:87-5) or final in substance (Fitzgerald v. Fitzgerald, 113 N.J. Eq. 106 (E. & A. 1933)) the appeal was not taken within the time permitted by Rules 1:2-5 and 4:2-5. We find nothing whatever in these Rules or in Rule 3:87-5 to support the suggestion that the Supreme Court intended to allow a longer period for appeals in divorce cases than in *319 other civil cases arising in the trial divisions. The appellant relies upon the provision in R.S. 2:50-31 that appeals from judgments nisi in divorce proceedings shall be taken within three months but we consider this provision to have been superseded within the doctrine of Winberry v. Salisbury, 5 N.J. 240 (1950).
Notwithstanding the foregoing, we have examined the evidence on the meritorious issue raised as to whether the advisory master erred in his determination that the charge of adultery had been established. The plaintiff strongly and openly disapproved the friendship between the defendant and the co-respondent. Nevertheless it continued and on several occasions the plaintiff arrived at his home to find the co-respondent there under highly compromising circumstances. The conclusions filed by the advisory master set forth in detail the evidence supporting his finding that adultery had been committed. He had the benefit of observing the witnesses and we are not prepared, upon the record before us, to differ with his views as to their credibility or his ultimate factual finding. See Rule 1:2-20.
The appeal is dismissed.