17 N.J. Super. 123 (1951)
85 A.2d 532
HELEN M. STREADER, PLAINTIFF-RESPONDENT,
v.
ROBERT STREADER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1951.
Decided December 5, 1951.
*124 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Lewis S. Beers argued the cause for appellant (Mr. Clarence W. Beers, attorney).
*125 Mr. Robert B. Meyner argued the cause for respondent (Mr. Robert E. Frederick, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Plaintiff sued for divorce on the ground of desertion. Judgment nisi was entered in the Superior Court, Chancery Division, on May 19, 1951. Defendant filed a notice of appeal from the judgment nisi on July 5, 1951. The plaintiff moves to dismiss the appeal on the ground that it was not brought until 47 days after the entry of the judgment nisi and therefore was not brought within the time for appeal permitted by Rules 1:2-5 and 4:2-5.
Rule 1:2-5 provides: "Where an appeal is permitted, it shall be taken to the appropriate appellate court within the following periods of time after the entry of the judgment, order or determination appealed from: * * * (b) Final judgments of * * * trial divisions of the Superior Court, in civil causes 45 days * * * (g) Interlocutory judgments, orders or determinations, 30 days * * *." Rule 4:2-5 provides: "Where an appeal is permitted to this court, it shall be taken within the appropriate time provided for in Rule 1:2-5."
Prior to September 15, 1948, the effective date of the Judicial Article of our new Constitution, appeals from decrees for divorce were controlled by R.S. 2:50-31. This section then provided: "Appeals shall be taken only from the decree nisi and not from the final decree, and shall be taken within three months from the filing of the decree nisi." In Fitzgerald v. Fitzgerald, 113 N.J. Eq. 106 (E. & A. 1933) the court, in construing this section, held that where nothing is contained in the final decree affecting the appellant, which was not contained in the decree nisi, there can be no appeal from the final decree. R.S. 2:50-31 was amended by L. 1948, c. 320, § 20 (effective September 15, 1948), but this amendment merely substituted the words "judgment nisi" for "decree nisi" and the words "final judgment" for "final decree."
*126 The plaintiff argues that the appeal was not taken within time, whether we view the judgment nisi as a final judgment or as an interlocutory judgment, because under Rule 1:2-5 the appeal must be taken within 45 days after the entry if it is a final judgment (subsection b), and must be taken within 30 days after the entry if it is an interlocutory judgment (subsection g).
Rule 1:2-5(b) applies only to a final judgment from which an appeal is permitted. It does not apply here for two reasons: (1) a judgment nisi in a divorce proceeding is not a final judgment, and (2) no appeal is permitted from the final judgment in a divorce proceeding. It is specifically provided in Rule 3:87-5 and R.S. 2:50-30 (as amended L. 1948, c. 320, § 19) that the final judgment cannot be entered in such a proceeding until three months after the entry of the judgment nisi, and in R.S. 2:50-31 (as amended L. 1948, c. 320, § 20) that no appeal is permitted from the final judgment in such a proceeding.
The question whether Rule 1:2-5(g) applies is more troublesome, but we conclude that it does not. In our rules "interlocutory" is a commonly used term in the description of judgments, orders and determinations (cf. Rules 3:52-1, 3:56-3, 3:62-2 and 3:65-2, 3, 4, 6 and 8), while "judgment nisi" is used to describe this particular type of judgment (Rule 3:87-5). Another indication that the interlocutory judgment mentioned in subsection (g) was not intended to include a judgment nisi, as here, is found in the provision of Rule 3:62-2 that "No * * * appeal from an interlocutory judgment or order * * * shall stay other proceedings in the cause, unless the court so orders." Under Rule 3:87-5, an appeal from a judgment nisi acts as a stay. Grave doubt that this subsection was intended to apply is also engendered by the fact that it allows only 30 days within which to appeal. Further, a judgment nisi in a divorce proceeding has features which distinguish it both from a final judgment and from the ordinary interlocutory judgment. Cf. King v. Klemp, 26 N.J. Misc. 140 (Ch. 1947). Apparently *127 it is because of its distinguishing features that it has been referred to as a "conditional judgment of divorce" (Herr, Marriage, Divorce and Separation, 12 N.J. Practice, § 1462), as a "provisional decree" (27 C.J.S., Divorce, § 161), and as one having "the quality of a final decree" in Fitzgerald v. Fitzgerald, above.
If the rules had fixed a time within which an appeal from a judgment nisi must be taken, the rules would control. Winberry v. Salisbury, 5 N.J. 240 (1950); certiorari denied, 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950). We have found that the rules do not fix any time. The question here does not involve a prerogative writ. Cf. Fischer v. Twp. of Bedminster, 5 N.J. 534 (1950). Therefore, in the absence of a controlling rule, the statute (R.S. 2:50-31) applies, and under this statute an appeal from such a judgment may be taken within three months from the entry thereof.
We note that the reporters who worked on the proposed revision of Title 2 of the Revised Statutes assumed that the three-month statutory provision controlled. First special Session Senate Bill No. 1 contains a proposed revision of Title 2 of the Revised Statutes, proposed by the Advisory Committee on Revision of Statutes. In this bill, which passed the Legislature on November 28, 1951, the provision of present R.S. 2:50-31 for an appeal from the judgment nisi and not from the final judgment in a divorce proceeding is retained (N.J.S. 2A:34-18, N.J.S.A.), while the provision giving three months within which to appeal from the judgment nisi is excised. The reason given by the reporter for the excision of the time limit for the appeal is that it should be contained in the rules. The reporter recommended that a new subsection be added to the Supreme Court Rule 1:2-5, providing: "(h). Appeals from judgments nisi in matrimonial matters, 3 months," and his note states: "This rule is recommended as an important addition to avoid the existing conflict between the present period for appeal from final judgments, namely 45 days, and the statutory period of 3 months in matrimonial actions. It is submitted that the time should be *128 covered by rule rather than statute, and that the 3-month period should be retained to coincide with the period required to make the judgment final." Tentative Draft, Part II, p. 728.
We are fully aware of Senst v. Senst, 14 N.J. Super. 317 (App. Div. 1951) which was decided by another part of the Appellate Division on June 26, 1951, but not reported in the advance reports until September 3, 1951, almost two months after this appeal was taken.
Motion denied.