18 N.J. Super. 280 (1952)
87 A.2d 371
ELSIE ETHEL EARLY, PLAINTIFF-APPELLANT,
v.
EDWARD FRANCIS EARLY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1952.
Decided March 11, 1952.
*281 Before Judges JACOBS, EASTWOOD and BIGELOW.
*282 Mr. Ira D. Dorian argued the cause for the appellant.
Mr. Samuel H. Nelson argued the cause for the respondent (Mr. Charles M. Grosman, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from an order entered on September 25, 1951, denying the plaintiff's application to vacate the judgment nisi entered on May 10, 1951, in the Chancery Division.
In June, 1950, the plaintiff filed her complaint alleging cruelty and abandonment and seeking separate maintenance. In August, 1950, the defendant filed his answer and counterclaim in which he alleged extreme cruelty and sought a divorce. There was no affidavit of noncollusion and verification (Rule 3:84-2) attached to the counterclaim; this was called to the defendant's attention by one of the standing masters in a memorandum dated September 15, 1950, directing that he file a supplemental affidavit of noncollusion and verification which was thereupon filed on September 28, 1950. On October 5, 1950, the defendant filed an "additional counterclaim" which sought a division of personal property owned by the parties. Answers to the counterclaim and additional counterclaim were filed by the plaintiff in regular course.
The cause came on for trial before Advisory Master Hillenbach on May 10, 1951. At the trial the plaintiff, through her counsel, requested dismissal of her complaint and testimony was duly taken on the defendant's counterclaim. At the close of the trial judgment nisi was entered dismissing the plaintiff's complaint, divorcing the parties as prayed in the counterclaim, awarding custody of their daughter to the plaintiff and directing that the defendant pay $30 per week for her support and a counsel fee to plaintiff's attorneys. No appeal was taken from the judgment nisi within the time allowed by Rules 1:2-5 and 4:2-5 (cf. Senst v. Senst, 14 N.J. Super. 317 (App. Div. 1951) with Streader v. Streader, *283 17 N.J. Super. 123 (App. Div. 1951)) or, indeed, at any time. However, on June 29, 1951, the plaintiff filed a petition in the Chancery Division which alleged that, at the trial, "she was confused and not in full control of her faculties and did not fully comprehend the procedure," and prayed that the judgment nisi be vacated and that she be permitted to file an answer to the counterclaim and defend. The petition did not assert that she was not fully advised by her counsel and did not suggest collusion or other impropriety by the defendant; it was denied by order dated July 24, 1951. See Feinberg v. Feinberg, 70 N.J. Eq. 420 (Ch. 1906), affirmed 72 N.J. Eq. 445 (E. & A. 1907); Shore v. Shore, 17 N.J. Super. 320 (Ch. Div. 1951). No appeal was ever taken from this order. See Palm Beach Mercantile Co. v. Ivers, 2 N.J. Super. 5 (App. Div. 1949).
On July 26, 1951, the plaintiff filed a second petition to vacate the judgment nisi. Cf. Schilstra v. Van Den Heuvel, 82 N.J. Eq. 155, 160 (Ch. 1913), mod. 82 N.J. Eq. 612 (E. & A. 1914). This petition likewise did not assert that she was not fully advised by her counsel and did not suggest collusion or other impropriety by the defendant. Instead, it was grounded upon the sole contention that the defendant's failure to annex an affidavit of noncollusion to his counterclaim deprived the Chancery Division of jurisdiction to entertain his action for divorce and that consequently the judgment nisi should be vacated. This petition was denied by order dated September 25, 1951, and final judgment of divorce was entered on September 27, 1951. On October 25, 1951, the plaintiff filed notice of appeal from the order dated September 25, 1951, and in support thereof renews her contention that the Chancery Division lacked jurisdiction to enter the judgment of divorce because the affidavit of noncollusion, though subsequently filed, was not attached to the defendant's counterclaim as provided in Rule 3:84-2 and R.S. 2:50-8.
The plaintiff was duly served with the defendant's counterclaim, filed answer thereto and appeared at the trial. *284 It is, accordingly, clear and presumably undisputed that the Chancery Division had jurisdiction over her person. The only remaining question actually raised by the plaintiff on her appeal is whether the Chancery Division lacked jurisdiction over the subject matter. In its widely accepted sense, jurisdiction over the subject matter is the power to hear and determine cases of the general class to which the particular case presented belongs. Turtur v. Schwarz, 15 N.J. Super. 241, 244 (App. Div. 1951). See Petersen v. Falzarano, 6 N.J. 447, 453 (1951); Atanasio v. Silverman, 7 N.J. 278, 281 (1951). The Superior Court is admittedly vested with power to hear complaints and counterclaims for divorce generally. See R.S. 2:50-7; Const. 1947, art. VI, § III, par. 2. It is true that Rule 3:84-2 requires that an affidavit of noncollusion and verification be attached to the complaint or counterclaim for divorce but this is a rule of practice and procedure rather than a jurisdictional requirement. See Const. 1947, art. VI, § II, par. 3; Rules 3:1-1, 3:1-2; Francis, Matrimonial Causes, The New Practice, p. 256 (1949). In the instant matter it was substantially complied with by the filing of the supplemental affidavit of noncollusion and verification pursuant to the direction of the standing master; we fail to see how the plaintiff's substantial rights or the interests of the State (Duerner v. Duerner, 142 N.J. Eq. 759 (E. & A. 1948)) were adversely affected by the fact that it was not actually annexed to the counterclaim. See Rule 1:2-20(b); Slocum v. Krupy, 11 N.J. Super. 81, 87 (App. Div. 1951). Furthermore, although its non-annexation was evident from examination of the counterclaim no point thereof was made in the plaintiff's answer or at the trial and, under the circumstances presented, the plaintiff should not be permitted to assert it for the first time after judgment nisi. Cf. Rules 3:12-2, 3:12-8.
The plaintiff places reliance on R.S. 2:50-8 which formerly provided that the "court of Chancery shall not have jurisdiction of any cause for divorce" unless the petitioner or counterclaimant makes affidavit of noncollusion "which *285 shall be annexed to the petition or counterclaim." See Brant v. Brant, 71 N.J. Eq. 66, 68 (Ch. 1906). In L. 1948, c. 320, however, this enactment was amended to eliminate the provision that the court shall not have jurisdiction in the absence of the affidavit of noncollusion; it now provides, in the form embodied in Rule 3:84-2, that every complaint or counterclaim for divorce shall have annexed an affidavit of noncollusion and verification. Assuming, for present purposes, that the Legislature would have power to restrict the court's jurisdiction to cases where the affidavit of noncollusion is actually annexed to the complaint or counterclaim (cf. Borawick v. Barba, 7 N.J. 393 (1951)) it seems clear that it has not sought to do so. Indeed, the deliberate omission in L. 1948, c. 320 of the previous express jurisdictional limitation displays a clear legislative intent to the contrary. See Ross v. Miller, 115 N.J.L. 61, 66 (Sup. Ct. 1935).
Affirmed.