Irving A. Sheppard, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 62956. Filed July 22, 1959.

*Irving A. Sheppard, pro se.*
*Christopher J. Ray, Esq.,* for the respondent.

944

■■■■■■■■■■■■■■■■■■■■■■■■■■■■  ■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

OPINION.

BLACK, *Judge:* Two questions are alternatively presented by the facts in this case: (1) Whether petitioner is entitled to exemptions in 1953 and 1954 for an alleged wife and two alleged stepchildren as a spouse and stepchildren, and (2) whether petitioner is entitled to exemptions in 1954 for an alleged wife and alleged stepchildren as unrelated dependents. As to the first question, the applicable statutory provisions are contained in section 25, I.R.C. 1939, and sections 151 and 152, I.R.C. 1954; [1] so far as pertinent here, the foregoing provisions of the 1954 Code are, in effect, the same as those contained in the 1939 Code. The provisions applicable to the second question are found in section 152(a)(9) of the 1954 Code. [2]

We shall now take up question (1). Whether the alleged wife and alleged stepchildren of the petitioner were the wife and stepchildren of petitioner depends upon applicable State law. *Albert Gersten,* 28 T.C. 756, affd. (C.A. 9, 1959) 267 F. 2d 195; *Marriner S. Eccles,* 19 T.C. 1049, affirmed per curiam 208 F. 2d 796.

The alleged wife was granted a judgment nisi by New Jersey court

---

[1] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) ALLOWANCE OF DEDUCTIONS.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

(b) TAXPAYER AND SPOUSE.—An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer.

* * * * * * *

(e) ADDITIONAL EXEMPTIONS FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.

SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer):

* * * * * * *

(2) A stepson or stepdaughter of the taxpayer,

[2] (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or

in an action of divorce against Fred Good prior to the marriage ceremony in Maryland between petitioner and the alleged wife. Subsequent to the Maryland marriage ceremony, a final judgment was entered. New Jersey courts hold that a marriage is not terminated by a judgment nisi, but rather only by a final judgment. *Streader* v. *Streader*, 85 A. 2d 532. A marriage contracted by one of the parties to a divorce action subsequent to the entry of judgment nisi and prior to final judgment is null and void in New Jersey despite continued cohabitation subsequent to removal of the impediment. *Dacunzo* v. *Edgye*, 111 A. 2d 88, affd. 117 A. 2d 508. Common law marriages are not valid in New Jersey. *Dacunzo* v. *Edgye, supra;* R.S. 37: 1–10, N.J.S.A. A resident of New Jersey who temporarily leaves the State and, while absent, contracts a marriage which is prohibited by the laws of New Jersey, and then returns to that State to reside with his alleged wife, has contracted an invalid marriage. *Bucca* v. *State*, 128 A. 2d 506.

By the law of Maryland, a marriage contracted while a prior marriage subsists is void without a judicial decree of nullity. *Townsend* v. *Morgan*, 63 A. 2d 743. A marriage contracted in Maryland prior to the time judgment of divorce in another jurisdiction becomes absolute is null and void. *Oliver* v. *Oliver*, 185 F. 2d 429. Bigamy is a crime in Maryland (Ann. Code, 1957, art. 27, sec. 16), and a conviction thereof automatically renders the marriage null and void (Ann. Code, 1957, art. 62, sec. 16). Common law marriages are not valid in Maryland, and cohabitation after the death or divorce of the former spouse does not give validity to the second marriage. *Townsend* v. *Morgan, supra.*

Whether the State law applicable to the determination of the validity of the marriage between petitioner and the alleged wife is the law of New Jersey, the place of residence of petitioner, or the law of Maryland, the place of performance of the marriage ceremony, no valid marital status was created between petitioner and his alleged wife. Since petitioner was never validly married to the alleged wife, her children were never validly his stepchildren.

At trial petitioner, who appeared pro se, urged that his marital status should be recognized for Federal income tax purposes, although not recognized by the laws of the State of creation, if any, of the marital status, or by the laws of the State of his domicile. Situations exist in which, under both the Internal Revenue Codes of 1939 and 1954, the marital status, or husband-wife relationship, is treated without regard to the applicable State law.[3] These situations, however, deal with the treatment of the marital status after divorce or separation under the applicable State law and are statutorily created

---

[3] I.R.C. 1939, sec. 23(aa)(6)(B), sec. 25(b)(2)(B), sec. 3797(a)(17); I.R.C. 1954, sec. 143(2), sec. 153(2), sec. 7701(a)(17).

exceptions to the general rule as to the law applicable to the determination of the marital status. They do not concern the question we have here.

Petitioner's claim, therefore, for the allowance of exemptions for the alleged wife and two alleged stepchildren as his wife and stepchildren under the 1939 and 1954 Codes must be disallowed. Respondent's determination in this respect is sustained.

Whether the petitioner is entitled to claim exemptions for the alleged wife and two alleged stepchildren as unrelated dependents, as allowed in certain cases by section 151(e)(1) of the 1954 Code and as defined by section 152(a)(9), 1954 Code, is petitioner's alternative contention. The respondent's determination of a deficiency is prima facie correct and the burden is on petitioner to prove otherwise. Petitioner was required to prove, under section 151(e)(1), that none of the claimed dependents had an income of more than $600 for the year 1954. Petitioner submitted no evidence on the point, nor did he call any witnesses. He, alone, testified and his testimony does not negative the possibility that the alleged stepchildren could have received gross income of more than $600. His testimony as to the income of the alleged wife in 1954 was that she earned "around $600, I think." He admitted that as to that figure he was "just guessing" and was "not saying positively." Such testimony does not support petitioner's burden. It was also incumbent upon petitioner to show that he contributed more than one-half the support of the alleged wife and the alleged stepchildren as unrelated dependents during 1954. Again, petitioner submitted no evidence on the point and called no witnesses. He alone testified. When asked by the Court as to whether he claimed that he contributed more than half the support, petitioner replied, "I will say I did. But I could not prove it." As to how long in 1954 the petitioner supported the alleged wife and stepchildren, his testimony was that he supported them "fully for at least three or four months, but I wouldn't say any more," "until around June," "until June," "most of June," "the first part of June," "very nearly" 6 months, but "I won't say six months." By such testimony petitioner did not prove that he had contributed more than one-half the support of the claimed dependents for the entire year.

Petitioner, therefore, is not entitled to the exemptions for the alleged wife and stepchildren as unrelated dependents during 1954 under sections 151(e) and 152(a)(9) of the 1954 Code. Cf. *Robert Woodrow Trowbridge*, 30 T.C. 879, affirmed per curiam 268 F. 2d 208 (C.A. 9, 1959).

Respondent, in his brief states, "the Court's decision should be entered under Rule 50 whether the decision is for the petitioner or respondent, in whole or in part."

*Decision will be entered under Rule 50.*